**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P599-H**

**HENRY BECK LIVINGSTON III**                                                                 **PLAINTIFF**

**V.**

**CHRISTIAN HARROD**                                                                             **DEFENDANT**

**MEMORANDUM OPINION**

      Plaintiff Henry Beck Livingston III filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

      Seeking monetary and punitive damages, Plaintiff brings this action against Kentucky State Parole Officer Christian Harrod in her individual and official capacities. He alleges that Officer Harrod violated his Fourteenth Amendment right to a fair trial when she committed perjury at his January 25, 2007, preliminary parole revocation hearing.

      Plaintiff reports that during the hearing, his public defender asked Officer Harrod "under oath several questions about my health and the way I came to report in her office." Plaintiff maintains that Officer Harrod "made the statement that she did not know my specific medical condition when in fact she knew for a fact that I was on medical parole trying to get a heart transplant. . . ." He claims that she had knowledge of his medical condition due to the information in his file; because "Officer Christian Harrod knew she could not use [a magnetic] wand on me do to my heart device a pacemaker defibulator"; based on the fact that Plaintiff

"had reported to her office many times with oxygen and a walker do to bloodpressure problems and the fact I have a seriously damaged knee in which I had surgery on while on parole"; and because his "medical power of attorney has spoken with . . . Harrod on several occasions." Plaintiff reports that at the hearing his attorney asked Officer Harrod and the parole officer who shares an office with Officer Harrod if they had ever seen Plaintiff in the office with a walker.  Plaintiff advises that the other parole officer answered in the affirmative but that Officer Harrod answered in the negative.  Plaintiff claims that Officer Harrod's perjured testimony created "a false impression to the parole board about my health and medical condition in which she made such a big deal in my hearing about."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1), (2); McGore, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Official-capacity claim*

The Court will dismiss this claim on two bases. First, Defendant, as a state official sued in her official capacity for damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant sued in her official capacity for damages is not a "person" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official-capacity claim for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

#### B. *Individual-capacity claim*

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury

that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff alleges that Defendant Harrod committed perjury during his preliminary parole revocation hearing on January 25, 2007. Plaintiff's Fourteenth Amendment claim, therefore, accrued on that date. Because Plaintiff did not file the complaint until well over a year and a half later on November 11, 2008,[1] his action is time barred and must be dismissed as frivolous.

Alternatively, Plaintiff's claim is barred under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner may not file a § 1983 suit challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. If a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 489; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (under these circumstances, claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Courts have extended the application of *Heck* to challenges based upon the revocation of parole. *See, e.g., Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *Phillips v. Coleman*, No. 98-4131, 1999 WL 776189, at *2

---

[1]Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on November 11, 2008.

(6th Cir. Sept. 20, 1999); *Mason v. Stacey*, No. 4:07-cv-43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009); *Kot v. Larsen*, Civil Action No. 2:08-14402, 2008 WL 4724820, at * 1 (E.D. Mich. Oct. 24, 2008).

In the instant case, Plaintiff fails to allege that his parole revocation has been overturned, expunged, declared invalid, or called into question by a writ of habeas corpus. Accordingly, his complaint fails to state a cognizable claim and must be dismissed.

Finally, "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983)); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 442 (6th Cir. 2006) ("[A]bsolute witness immunity applies to witness testimony before a grand jury."). A defendant, therefore, would "be insulated from liability for any testimony that he provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock*, 167 F.3d at 1001. Courts have extended this immunity to parole officers who testify at parole revocation hearings. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("Although a parole hearing is not a criminal hearing or grand jury proceeding, we read the Supreme Court's and our previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties."); *Oakes v. Mayer*, No. 1:05-CV-356, 2005 WL 2810692, at *2 (W.D. Mich. Oct. 27, 2005) ("Although the Sixth Circuit has not addressed whether a witness in a parole revocation proceeding is also entitled to absolute immunity from suit, other courts have held that absolute immunity extends to witnesses, and specifically, parole officers, who testify in parole revocation hearings."). Based on the facts as alleged by Plaintiff, the Court concludes that Defendant Harrod is absolutely

immune from liability in her capacity as a testifying witness at the preliminary parole revocation hearing.[2]

For the foregoing reasons, the Court will dismiss Plaintiff's complaint by separate Order.

Date: August 12, 2009

John G. Heyburn II, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4412.005

---

[2]The Court is aware that "complaining witnesses" are not entitled to absolute immunity from damages. *See Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003) ("Shaw testified at an *ex parte* proceeding where his actions were that of a 'complaining witness' rather than a 'testifying witness.' Because a complaining witness is not protected by absolute immunity, neither is Shaw."); *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997) ("Absolute immunity at common law did not extend to complaining witnesses who 'set the wheels of government in motion by instigating a legal action.'") (quoting *Wyatt v. Cole*, 504 U.S. 158, 164-65 (1992)). Plaintiff, however, presents no allegations, even liberally construed, that demonstrate that Defendant Harrod instituted the parole revocation proceedings against him or otherwise acted in any capacity other than a testifying witness.